UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,                       :
                                                :   CASE NO. 1:10-CR-00207-JG
        Plaintiff,                              :
                                                :
vs.                                             :   OPINION & ORDER
                                                :   [Resolving Doc. No. 70]
CYNTHIA LEWIS,                                  :
                                                :
        Defendant.                              :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Cynthia Lewis moves *pro se* for a reduction of her 46-month sentence.[1] She says she has "turned [her] life around" and would like to "go home to [her] disabled son and [her] granddaughter."[2] The Government opposed her motion.[3]

In May 2010, a Grand Jury indicted Lewis on two counts: (1) conspiracy to distribute and possess with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and (2) conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h).[4] Lewis pled guilty to both counts.[5] The Court sentenced Lewis to 46 months on each count to be served concurrently.[6]

Lewis now moves for a sentence reduction because she says she has a "clean" prison record, has "completed the Non-Residential Drug Program," is enrolled in college, and has completed

---

[1] Doc. 70 at 1.
[2] Doc. 70 at 1.
[3] Doc. 71.
[4] Doc. 1.
[5] Doc. 53.
[6] Doc. 62.

Case No. 1:10-CR-00207-JG
Gwin, J.

"several psychological programs."[7] While Lewis's achievements are laudable, this Court is without jurisdiction to consider her motion. First, "a sentencing judge loses jurisdiction over a prisoner once he has begun to serve his sentence."[8] Though a sentencing judge retains jurisdiction to correct an illegal sentence,[9] Lewis fails to say that the Court imposed her sentence illegally.

And, though a court may also reduce a term of imprisonment "based on a sentencing range that has subsequently been lowered,"[10] Lewis does not show that the applicable sentencing range for her convictions has been lowered. Thus, because Lewis has failed to show that the Court imposed an illegal sentence, and because Lewis has failed to show that the applicable sentencing range for her convictions has been lowered, the Court lacks jurisdiction to consider Lewis's motion.

**Conclusion**

For the reasons above, the Court **DENIES** Lewis's motion.

IT IS SO ORDERED.

Dated: June 4, 2013          s/ *James S. Gwin*
                                                                JAMES S. GWIN
                                                                UNITED STATES DISTRICT JUDGE

---

[7] Doc. 70 at 1.
[8] *Rodger v. White*, No. 89-5720, 1990 WL 95624, at *4 (6th Cir. July 11, 1990) (citing *United States v. Adams*, 362 F.2d 210, 211 (6th Cir. 1966) and *Stone v. United States*, 295 F.2d 241 (6th Cir.1961)).
[9] *Rodger*, 1990 WL 95624, at *4 n.4.
[10] 18 U.S.C. § 3582(c).